MAX KESSELMAN, PLAINTIFF-APPELLEE, v. SAMUEL COHEN AND AARON COHEN, DEFENDANTS-APPELLANTS.

Submitted May 14, 1926—Decided December 23, 1926.

**Landlord and Tenant—Suit For Rent Due on Premises After Being Padlocked by Order of United States Court—Judgment For Landlord—All Points of Defendant Considered on Appeal and Found Without Merit.**

On appeal from the District Court of the city of Trenton.

Before Justices KALISCH, KATZENBACH and LLOYD.

For the appellant, *Philip M. Chamberlain.*

For the appellee, *Josephson & Josephson.*

PER CURIAM.

This is an action for rent. Max Kesselman leased to Samuel Cohen premises No. 234 North Clinton street, Trenton, for the term of three years, from November 1st, 1923. The rent was paid up to June, 1925, when the leased premises were padlocked by order of the United States District Court, and the rent thereafter due was unpaid. The rent sought to be collected is in the sum of $375 for the months of June, July and August, 1925. There was no dispute about the amount of rent or that it was due according to the terms of the lease.

The action was brought against Samual Cohen, as the lessee, and Aaron Cohen, as guarantor. Judgment was given by the judge, sitting without a jury, for the plaintiff, and upon this judgment defendants appeal.

The first point raised in the brief of appellants is that the guaranty of Aaron Cohen was without consideration and that it was signed after the execution of the lease. This is not in accordance with the testimony. The signing of both was contemporaneous, and the court was justified in finding that the making of the lease was sufficient consideration for the "guaranty."

The next point is that the court refused to permit the defendants to show that at the time of the making of the lease there was an agreement that if defendants would give plaintiff the sum of $1,500 in cash at the beginning of the term, and the premises were padlocked by decree of a United States District Court, the lease should be at an end between the parties. This obviously was an attempt to modify the terms of the lease in an important particular, and under the rule laid down in the leading case of *Naumberg* v. *Young*, 44 *N. J. L.* 331, was incompetent. There was no offer to show that the plaintiff had received $1,500 and should apply that to the extinguishment of the rent, the offer of this evidence being solely for the purpose of establishing a contemporary agreement, the effect of which would be to alter the terms of the agreement without incorporating it in the lease itself.

Point three is substantially the same question, and what has been said applies equally to it.

Point four is that the court erroneously refused to allow the defendants to show that the plaintiff knew that the premises were to be used by the lessee for an illegal purpose and to show that the premises were being so used with the plaintiff's assent. The evidence attempted to be introduced falls short of any relevancy to the point here raised. The defendant Aaron Cohen was asked if he knew whether or not at any time prior to the execution of the lease, or at the time it was executed, Kesselman knew what the premises were to be used for. This was objected to and the objection sustained.

Cohen was next asked whether Kesselman ever came into the premises after the execution of the lease and found liquor being sold in violation of the law. This was also objected to and the objection sustained. The first is objectionable as to form and far from indicating that the lease was made for an illegal use with plaintiff's knowledge, and as to the record knowledge of the defendants' illegal use of the premises thereafter would not defeat plaintiff's claim for rent.

The last point is that the court erred in finding in favor of the plaintiff, and in support of this contention it is said that there was conclusive evidence of a surrender of the premises, because the plaintiff had told a subtenant to move out in three days, "that he would like to have the place." This was certainly not conclusive evidence of an acceptance of surrender of the premises. The testimony was entirely too vague to rest such a conclusion upon.

Finding no error, the judgment is affirmed.